

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

April 29, 1948

Hon. R. A. Taylor, Jr.
County Attorney
Zavala County
Crystal City, Texas

Opinion No. V-559

Re: Calling of rural high
school elections by
county school board
under Article 2922c,
V. C. S., as amended.

**Dear Sir:**

We refer to your letter of recent date from which we quote, in part, as follows:

"If the County Board of Trustees orders the election required by Art. 2922c on its own motion, such action would presumably be based upon the request, oral or written, or petition of persons interested in the creation of the rural high school district.

"If such a request or petition is presented to the County Board of Trustees, is it mandatory that the election be called by the Board, or is that discretionary with the Board?"

Article 2922a, Vernon's Civil Statutes, as amended by S. B. 341, Acts 1947, 50th Leg., R. S., Chap. 398, provides, in part, as follows:

"In each organized county in this state, and in any county which shall hereafter be organized, the county school trustees shall have the authority to form one or more rural high school districts, by grouping contiguous common school districts having less than four hundred (400) scholastic population and independent school districts having less than two hundred fifty (250) scholastic population, for the purpose of establishing and operating rural high schools; provided, also, that the county school trustees may annex one or more common school districts or one or more independent school districts having

less than two hundred fifty (250) scho-
lastic population to a common school dis-
trict having four hundred (400) or more
scholastic population, or to an independent
district having two hundred fifty (250) or
more scholastic population."

Article 2922c, as amended by S. B. 341, pro-
vides:

"No rural high school district, as
provided for herein, shall contain a
greater area than one hundred square miles,
or more than ten elementary school dis-
tricts, except that the county school
board of school trustees _may_ form rural
high school districts, as provided in Art-
icle 2922a, containing more than one hun-
dred square miles, upon a vote of a ma-
jority of the qualified electors in the
said proposed rural high school district
voting at an election called for such
purpose; and provided further, that the
said board of county school trustees _may_
form a rural high school district contain-
ing more than ten elementary districts up-
on a vote of a majority of the qualified
voters in each of the elementary districts
within such proposed rural high school dis-
trict." (Emphasis ours)

In certain instances the county trustees are
authorized to form rural high school districts without
the necessity of submitting the question to a deter-
mination of the electorate of the districts involved.
Article 2922a, as amended. They are also authorized to
form rural high school districts under the conditions
specified in Article 2922c, as amended. But their auth-
ority in this respect is limited to there first being
an approval by the majority of the qualified voters of
the proposed district, where the district proposed con-
tains an area greater than 100 square miles and compris-
ed of not more than ten elementary districts, or the ap-
proval by the majority of the qualified voters in each
of the elementary districts where the proposed rural
high school district shall contain more than ten elemen-
tary districts. Article 2922c, as amended; County Board
of School Trustees v. Mayfield C.S.D. No. 22, 140 S.W.

(2d) 956.

It has been held that the authority to call an election on questions of organizing a rural high school district is vested in the county board of trustees. Countz v. Mitchell, 38 S.W.(2d) 770. There is no provision in Articles 2922a, 2922c, or other rural high school district laws, requiring the presentation of a petition to said board before said board may exercise the authority granted it in said statutes to create a rural high school district. Canon v. Rasbury, 21 S.W. (2d) 76.

Furthermore, it has been held in Cox v. Beard, 87 S.W.(2d) 883, that the approval of trustees of districts affected in the formation of a rural high school district is not necessary where an election is required and held under the provisions of Article 2922c. Attorney General's Opinions Nos. O-268 and O-6001.

Under Article 2922a, however, the authority therein granted to the county board to abolish an established rural high school district is predicated upon the presentment of a petition signed by a majority of the voters of each elementary district comprising the rural high school district. District Trustees v. County School Trustees, 203 S.W.(2d) 860, at page 864.

Thus, the county board of trustees has plenary power in the creation of rural high school districts. County School Trustees v. District Trustees, 192 S.W.(2d) 891. It has been uniformly held that the Legislature may delegate its authority to such agencies. Wise Common School District No. 2 v. Castro County School T., 141 S.W.(2d) 1028. Further, it was held in Board of School Trustees v. Woodrow I.S.D., 90 S.W.(2d) 333, that the county board has exclusive jurisdiction, subject to statutory limitations, of proceeding to create a rural high school district from date of pre-election order to entry of formal order creating district, especially in the absence of allegation that the public was injured by the board's action during such term. We quote from said case, at page 337:

"... By statute it (County School Board) is given unbridled power over the formation of rural high school district. It did not have to call an election. Art. 2678a, Vernon's Ann. Civ. St. reads in

part: 'In establishing high schools, said trustees shall give due regard to schools already located, to the distribution of population, and to advancement of the students in their studies.'" (Emphasis ours)

In Gibson v. Couch, 153 S.W.(2d) 288, the county board ordered an election under Article 2922c (the area in the proposed district being greater than 100 square miles) to determine whether a majority of legally qualified voters of each of six districts desired to form a rural high school district. It was held that the county board could not be compelled to enter an order recognizing the proposed district as legally established even though the returns showed a majority of the voters of the proposed district for grouping.

We quote from the Gibson-Couch case at page 290:

"The Board was under no legal duty to group the districts and owed to Relators no such legal duty enforcible by mandamus. The law (Art. 2922c) says the Board may group on a majority vote of a proposed district, but nowhere does it attempt to take away the discretion originally lodged in the Board in matters of forming rural high schools. Since the Haskell County Board in harmony with its pre-election order, and in the exercise of its undoubted discretion refused to group the six districts, it follows that the relators are not entitled to the writ of mandamus prayed for."

In the light of the provisions of Article 2922c, as construed by the courts in the above cited cases, it is our opinion that the matter of calling an election as provided under Article 2922c, as amended, is discretionary with the County Board of School Trustees.

## SUMMARY

The matter of calling an election authorized and as provided under Article 2922c, Vernon's Civil Statutes, as amended by S. B. 341, Acts 1947, 50th

Leg., R.S., Chapter 298, is discretionary with the County Board of School Trustees. Gibson v. Couch, 153 S.W.(2d) 288; Board of School Trustees v. Woodrow I. School Dist., 90 S.W.(2d) 333.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Chester F. Ollison*

Chester E. Ollison
Assistant

CEO:mw

APPROVED:

*Jagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL